**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, NJ, 07470
T: (973) 256-9000
*Attorneys for Defendant, Walmart, Inc.*
*(i/p/a Walmart Corporation Inc.)*

| | |
|---|---|
| ANGELA FRAZIER,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART CORPORATION INC., JOHN DOE 1-10 (fictitious name representing an unknown individual) and ABC CORPORATIONS 1-10 (fictitious name representing an unknown corporation),<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.<br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. i/p/a Walmart Corporation Inc. (hereinafter, "Wal-Mart"), a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Somerset County, to the United States District Court for the District of New Jersey, based upon the following:

1. On or about August 19, 2021, Plaintiff Angela Frazier, commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Somerset County, entitled Walmart Corporation Inc., John Doe 1-10 (fictitious name representing an unknown individual) and ABC Corporations 1-10 (fictitious name representing an unknown corporation, Docket No. SOM-L-001107-21-21 (the "Complaint").

2. On or about September 6, 2021, the Summons and Complaint were served on Wal-Mart.

3. September 6, 2021 was the first date on which Wal-Mart received copies of the Summons and Complaint through service or otherwise.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint, Certification Pursuant to Rule 4:5-1, Designation of Trial Counsel, Time Unit Argument, Jury Demand and Lawyers Referral List, which constitute all process, pleadings and orders served upon Wal-Mart are attached hereto as Exhibit "A."

5. Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days of Wal-Mart's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

6. This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and the Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

7. Based upon the allegations in the Complaint, Plaintiff, Angela Frazier, is a citizen of the State of New Jersey.

8. Wal-Mart is the only proper defendant insomuch as Wal-Mart operates the subject store where the incident at issue allegedly occurred. Wal-Mart is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas, and is not a citizen of New Jersey. The general partner of Wal-Mart is WSE Management LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The limited partner of Wal-Mart is WSE Investment, LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas.  The sole member of both

WSE Management LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as Wal-Mart Stores East, Inc.), a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Bentonville, Arkansas. The sole member and parent company of Wal-Mart Stores East, LLC is Walmart Inc., a corporation organized under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

9. Neither Wal-Mart nor Walmart Corporation, Inc. are citizens of the State of New Jersey.

10. Diversity of citizenship existed among the parties when the Complaint was filed on or about August 19, 2021. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

11. The Complaint alleges that Plaintiff was caused to be severely injured as a result of a fall over liquid on the floor which created a dangerous condition at or near the Walmart, 1501 US-22, Watchung, County of Somerset, State of New Jersey. The Complaint also alleges that as a result of the dangerous condition, "plaintiff was caused to sustain severe and permanent personal and bodily injuries". Complaint, First Count, ¶ 3. The Complaint further alleges that as a direct and proximate result of the defendant(s) failure properly maintain, inspect and/or repair the aforesaid premises, Plaintiff, Angela Frazier, "received severe and permanent injuries and incurred considerable medical expenses, in being examined and treated for his/her injuries and was/were prevented from performing his/her/their usual activities". *Id*., ¶ 5.

12. On September 28, 2021, Wal-Mart's Counsel sent Plaintiff's Counsel correspondence requesting they stipulate that Plaintiff's damages are less than $75,000.00. (See correspondence attached as Exhibit "B"). Plaintiff's Counsel has not responded to said correspondence.

13. Upon information and belief, Plaintiff, Angela Frazier sustained unspecified severe and permanent injuries to her left arm, bilateral legs and back. Due to the allegations in the Complaint and the physical areas effected, Plaintiff's claims merit removal.

14. While Wal-Mart denies all liability to Plaintiff and denies that she is entitled to any of the relief sought by the Complaint, based upon the allegations of the Complaint and the injuries alleged, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

15. Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §1441.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Somerset County and is being served upon Plaintiff.

17. In filing this Notice of Removal, Wal-Mart does not waive any defects in service of process, venue or personal jurisdiction.

18. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendant Walmart, Inc.*
*(i/p/a Walmart Corporation Inc.)*

By: _____
Til J. Dallavalle

Dated: October 6, 2021

- 5 -

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Somerset County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendant Wal-Mart's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

                                          SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
                                          *Attorneys for Defendant Walmart, Inc.*
                                          *(i/p/a Walmart Corporation Inc.)*

By: _____
      Til J. Dallavalle

Dated: October 6, 2021

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be electronically served via ECF, a true and correct copy of the foregoing Notice of Removal on:

Kevin C. Decie, Esq.
Birkhold & Maider, LLC
189 Franklin Avenue, Suite 1
Nutley, New Jersey 07110
*Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

Til J. Dallavalle

Dated:  October 6, 2021

: