**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANGELA FRAZIER**, Plaintiff, v. **WALMART CORPORATION INC.**, *et al.*, Defendants. | Civil Action No. 21-18147 (ZNQ) (RLS) **OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion for Summary Judgment (the "Motion", ECF No. 34) filed by Defendant Walmart Corporation Inc. ("Defendant"). In support of the Motion, Defendant filed a brief ("Moving Br.", ECF No. 34-1) and a Statement of Facts ("SOF", ECF No. 34-2) in accordance with Local Rule 56.1. Plaintiff Angela Frazier ("Plaintiff") filed a Brief in Opposition ("Opp'n Br.", ECF No. 35). Defendant then filed a Reply ("Reply Br.", ECF No. 36).

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant's Motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

    The action arises from a slip-and-fall accident. On October 24, 2019, Plaintiff, while shopping at Walmart in Watchung, New Jersey, slipped and fell on a puddle of liquid, later

identified to be water. (SOF ¶2; Opp'n Br. at 2, ¶2 "Statement of Additional Facts".)[1] Plaintiff asserts that the accident occurred after she stepped aside to allow a store employee pushing a pallet of goods to pass through the aisle. (Opp'n Br. at 2, ¶1.)

On August 19, 2021, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Somerset County, alleging that Defendant's negligent failure to inspect the premises created a dangerous condition which caused Plaintiff's injuries.[2] (Compl., ECF No. 1-1.) On October 6, 2021, Defendant removed the case to federal court on diversity jurisdiction grounds (ECF No.1) and filed an answer to the Complaint (ECF No. 5). Following fact discovery and a settlement conference, the Court referred the case to arbitration. (ECF No. 25.) An arbitration hearing was held on April 29, 2024, and an award was later entered in favor of Defendant (*see* Clerk's Office docket entry dated April 30, 2024). On May 22, 2024, Plaintiff requested a trial de novo. (ECF Nos. 29 & 30.)

## II.   **JURISDICTION**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are diverse, and the value of the controversy exceeds $75,000.

## III.   **LEGAL STANDARD**

Rule 56 provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir.

---

[1] Plaintiff's opposition to the Motion does not comply with the requirement of Local Civil Rule 56.1 to file her statements of material facts as a separate document apart from her brief. Accordingly, the Court cites to her responsive statement and her supplemental statement by reference to the page where it appears in her opposition brief and the numbered paragraph of the relevant statement. For the purposes of this Motion, the Court waives Plaintiff's noncompliance.

[2] The Complaint is not a model of clarity. In relevant part, the four counts asserted are not labeled. As best the Court can discern, the Complaint is asserting causes of action rooted in negligence, premises liability; and *respondeat superior*. (ECF No.1-1, Ex. A.)

2000). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine disputes of material fact exist). "[U]nsupported allegations in . . . pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990).

In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 248–49. The summary judgment standard, however, does not operate in a vacuum. "[T]he judge must view the evidence presented through the prism of the substantive evidentiary burden," *Anderson*, 477 U.S. at 254, and construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

## IV.   DISCUSSION

It is generally understood that "[t]he existence and scope of a duty of care are legal issues to be determined by the court." *Maran v. Victoria's Secret Stores, LLC*, 417 F. Supp. 3d 510, 521

(D.N.J. 2019) (quoting *Kuehn v. Pub Zone*, 835 A.2d 692 (N. J. Super. App. Div. 2003)). The Court will therefore briefly address Plaintiff's premises liability claim first "because it sets the context of the standard of care applicable" to Defendant when addressing negligence. *Id.*

Although some courts have recognized that New Jersey's premises liability doctrine has moved away from rigidly adhering to the common law status of an injured party, "the common law classifications remain helpful in determining the existence and scope of the duty of care." *Id.*; *see also Amentler v. 69 Main St., LLC*, Civ. No. 08-0351, 2011 WL 1362594, at * 45 (D.N.J. Apr. 11, 2011). Generally, "a proprietor's duty to his invitee is one of due care under all the circumstances." *Prioleau v. Kentucky Fried Chicken, Inc.*, 85 A.3d 1015, 1022 (N.J. Super. App. Div. 2014), *aff'd as modified and remanded*, 122 A.3d 328 (N.J. 2015) (quoting *Bozza v. Vornado, Inc.*, 200 A.2d 777, 780 (N.J. 1964). In cases between a landowner and a business invitee, the landowner owes a "duty of reasonable care to guard against any dangerous conditions on his or her property that the owner either knows about or should have discovered." *Maran*, 417 F. Supp. at 521 (quoting *Hopkins. Fox & Lazo Realtors*, 625 A.2d 1110 (N.J. 1993)); *see also Rowe v. Mazel Thirty, LLC*, 34 A.3d 1248 (N.J. 2012) (noting that landowner's duty of reasonable care to business invitee "encompasses the duty to conduct a reasonable inspection to discover latent dangerous conditions"); *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003) ("[b]usiness owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation.").

In response to the Motion, Plaintiff argues that Defendant had notice of the condition on its premises and was negligent in its failure to prevent the harm. (Opp'n Br. at 4.) Under New Jersey law, "[t]he fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately

4

caused by the breach, and damages." *Shields v. Ramslee Motors*, 223 A.3d 172, 176 (N.J. 2020) (citation omitted). In this case, Defendant owed Plaintiff a duty to "discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." *Id.* (citing *O'Shea v. K. Mart Corp.*, 701 A.2d 475, 476 (N.J. Super. App. Div. 1997)). Plaintiff, however, bears the burden of proving 'that the [business owner] had actual or constructive knowledge of the dangerous condition that caused the accident." *Layden v. Target Corp.*, Civ. No. 15-3467, 2018 WL 3122334, at *6 (D.N.J. June 25, 2018) (quoting *Nisivoccia*, 818 A.2d at 316).

Here, assuming the spill constituted a dangerous condition, Plaintiff's claims hinge on whether Defendant had actual or constructive knowledge of the dangerous condition that caused the accident.[3] *Bozza*, 200 A.2d at 780–81 ("[A] proprietor is liable for injuries to an invitee if he actually knew of the dangerous condition or if the condition had existed for such a length of time that he should have known of its presence."). Defendant argues that Plaintiff has no evidence of either. (Moving Br. at 3.) Plaintiff, as best the Court can discern, counters that Defendant had notice of the condition because an employee was present in the aisle when she fell. *See* Opp'n Br. at 4 ("This would mean that an employee of Defendant was in the aisle where the fall occurred and in a position and location where he could see the puddle of water and this would seem to impute notice to the Defendant.").

---

[3] The Court acknowledges that a prerequisite to notice is that a dangerous condition in fact existed. Defendant does not outright challenge the presence of such a condition, simply stating that Plaintiff failed to meet her burden to "provide evidence that a dangerous condition existed . . . and that defendant had notice of same." (Moving Br. at 3.) Defendant does not dispute the dangerousness of the condition in its moving brief. The Court therefore does not consider whether the spill constituted a dangerous condition.

For the reasons set forth below, the Court finds that Plaintiff does not offer evidence from which a jury could reasonably infer that Defendant had either actual or constructive notice of the condition.

As for actual notice, Plaintiff's position that the employee must have seen the liquid on the floor because they walked through the aisle, without more, is pure speculation that is unsupported by the evidence. "An inference [of negligence] can be drawn only from proved facts, and cannot be based upon a foundation of pure conjecture, speculation, surmise or guess." *Prioleau*, 85 A.3d at 1022. First, Plaintiff concedes that the puddle on the floor was likely water and smaller than the size of her hand. (Opp'n Br. at 1; SOF ¶¶3-4.) There is also no evidence to support that this employee, or any other employee or shopper, had seen the liquid at any point prior. Further, Plaintiff testified at her deposition that the employee was pushing a pallet of goods at the time they walked through the aisle and there is no evidence that the employee caused the spill or that the spill was easily detectable. (Opp'n Br. at 4 (citing to Ex. A)). Lastly, Plaintiff admits that she herself did not see the liquid prior to her fall. Thus, the record fails to support the inference that this employee saw the liquid on the floor and any argument to the contrary is little more than bald conjecture. *See Schmicker v. Target*, Civ. No. 17-11628, 2020 WL 2487661, at *4 (D.N.J. May 13, 2020) (finding no evidence to support the inference that employees noticed liquid on the floor when they walked through the aisle where it was located because they passed without incident and did not look down at the floor at any point). Conjecture of this type is insufficient to establish a genuine dispute for a jury.

Similarly, the Court finds that there is insufficient evidence of constructive notice. Constructive notice is usually a question of fact for the jury, *e.g., Betancourt v. Home Depot U.S.A., Inc.*, Civ. No. 16-07255, 2018 WL 3954854, at *5 (D.N.J. Aug. 16, 2018), but may be

6

appropriate for summary judgment when no reasonable juror could conclude otherwise, *e.g., Troupe v. Burlington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. App. Div. 2016) (citations omitted). A business owner has constructive notice "when the condition existed for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent." *Troupe v. Burlington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. Sup. Ct. App. Div. 2016) (quoting *Parmenter v. Jarvis Drug Store, Inc.*, 138 A.2d 548, 550 (N.J. Sup. Ct. App. Div. 1957)). "Constructive notice can be inferred in various ways," such as eyewitness testimony or from "[t]he characteristics of the dangerous condition giving rise to the slip and fall." *Troupe*, 129 A.3d at 1114. "However, '[t]he mere [e]xistence of an alleged dangerous condition is not constructive notice of it.'" *Jeter v. Sam's Club*, 271 A.3d 317, 324 (N.J. 2022) (alterations in original) (quoting *Arroyo*, 78 A.3d at 586).

First, Plaintiff cites no evidence showing how long the puddle existed. Plaintiff even admits to not knowing how long the water had been on the floor or how it got there. (Opp'n Br. at 1; SOF ¶4.) Plaintiff therefore has failed to establish an inference that "the length of time would be sufficient to show [Defendant] had constructive notice of the dangerous condition." *Saunders v. Wal-Mart Stores Inc.*, Civ No. 17-03051, 2021 WL 11660392, at * 7 (D.N.J. May 6, 2021); *see also Larkin v. Super Fresh Food Markets*, Inc., 291 F. App'x 483, 485 (3d Cir. 2008) (observing, in the context of the corresponding legal standard for notice imposed by Pennsylvania common law, that "[w]ithout evidence about when [the condition was created], a fact-finder could only speculate about whether [defendant] should have discovered and corrected the problem."). Moreover, the characteristics of the puddle, i.e., that it was smaller than Plaintiff's hand and likely clear do not support the inference of prior knowledge without some other indication as to its creation or how long it existed. *Layden,* 768 F. App'x at 156.

Lastly, Plaintiff maintains that the employee should have noticed the spill. However, "[s]uch contentions only assume rather than establish that the condition was present for a sufficient duration such that a reasonably diligent person should have known of it." *Choi v. Costco Wholesale Corp.*, Civ No. 19-17916, 2022 WL 17448816, at *3 (D.N.J. Dec. 6, 2022). Importantly, neither the duration of the spill nor its source are known by either party and there is no eye-witness testimony or video footage available that could help ascertain the cause of the spill or if anyone noticed it. Moreover, no liquids were sold in the aisle where Plaintiff's fall occurred. (SOF ¶3; ECF No. 35-Ex. A.) As such, "absent pure speculation, the record is devoid of any evidence as to how long the dangerous condition—liquid substance on the floor—existed." *See Schmicker*, 2020 WL 2487661, at *4. There is therefore no basis for a jury to determine whether Defendant had notice. *See Choi,* 2022 WL 17448816, at *3.

Accordingly, the Court finds that the lack of proof as to Defendant's knowledge of the condition in this matter warrants summary judgment as to all claims.[4] *See Cerrigone v. Ewing*, App. No. 445-18T2, 2019 WL 3437695, at *3 (N.J. Sup. Ct. App. Div. July 31, 2019) (affirming summary judgment for property owner as to negligence claim where plaintiff lacked evidence of notice to property owner); *Pace v. Wal-Mart Stores E., LP*, 799 F. App'x 127, 131 (3d Cir. 2020) (concluding that the District Court—applying Pennsylvania negligence law which also requires actual or constructive notice—was "presented with nothing to establish that Wal-Mart either created the hazard or had constructive notice of it . . . properly granted Wal-Mart's motion for summary judgment"); *see also Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992)

---

[4] To the extent the Complaint asserts a claim premised on a *respondeat superior* theory, it also fails. "Under New Jersey law, to succeed in establishing liability based on *respondeat superior*, a 'plaintiff must prove (1) that a master-servant relationship existed and (2) that the tortious act of the servant occurred within the scope of that employment.'" *Maran*, 417 F. Supp. at 527. However, because the Court finds that Plaintiff has failed to establish an essential element of her negligence claim, Defendant cannot be held liable under a theory of *respondeat superior*.

(quoting *Celotex*, 477 U.S. at 322–23) ("If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

## V.    CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion for Summary Judgment. An appropriate Order will follow.

Date: February 11, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
